UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MEREDITH GODOY <br> f/k/a MERIDITH FONTONET, <br><br> Plaintiff, <br><br> VS. <br><br> ALLY FINANCIAL, INC., <br><br> Defendant. | § § § § § § § § § § § § § | <br><br><br><br> Civil Action No. _____ <br><br><br><br> COMPLAINT <br> With Jury Demand Endorsed |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Meredith Godoy, f/k/a Meredith Fontonet, ("Plaintiff"), by counsel, and for her Complaint against the defendant, Ally Financial, Inc. ("Defendant" or "Ally") states as follows:

### I. INTRODUCTION

1. Plaintiff asserts claims against Defendant for violations of: 1) the Texas Debt Collection Act ("TDCA"); 2) the Telephone Consumer Protection Act ("TCPA"); and 3) the discharge injunction of the United States Bankruptcy Court of the Eastern District of Texas, Sherman Division, and seeks to recover actual, statutory, and punitive damages, legal fees and expenses against Defendant.

### II. PARTIES

2. Plaintiff is a natural person residing in Collin County, Texas and she is a "consumer" as defined by the TDCA.

3. The Defendant is a foreign corporation which may be served by sending certified mail to its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

4. Defendant is a "debt collector" as defined by Tex. Fin. Code § 392.001(6).

### III. JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1334 and 1337(a) and 15 U.S.C. § 1681p and 28 U.S.C. §§2201-2202.

6. Venue in this district is proper because the defendant transacts business in this district, Plaintiff filed her bankruptcy in this district and the conduct complained of occurred in this district.

### IV. FACTUAL ALLEGATIONS

7. On February 13, 2014, Plaintiff commenced the above-styled bankruptcy case ("Bankruptcy Case") by the filing of a voluntary petition under Chapter 7, pursuant to 11 U.S.C. § 301, and the Order for Relief was effective on the same day, pursuant to 11 U.S.C. § 301. Plaintiff filed Schedules in her Bankruptcy Case on or about the same date, which detailed the claim at issue asserted by Defendant. The claim was listed on Schedule "F" of Plaintiff's bankruptcy schedules filed in her Bankruptcy Case as an unsecured claim pertaining to account number 005913629721.

8. Defendant asserted a pre-petition claim against Plaintiff in an attempt to collect a debt allegedly owed by her on the Account. Plaintiff was required to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.

9. On or about February 13, 2014, Plaintiff filed a mailing matrix with this Court in her Bankruptcy Case which provided Defendant's correct address.

10. On or about February 16, 2014, the Bankruptcy Noticing Center for the Eastern District of Texas ("Bankruptcy Court"), mailed out the "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines" to all creditors, including Defendant, and other parties based on the mailing matrix previously filed with this Court in Plaintiff's Bankruptcy Case.  This mailing constituted formal notice to Defendant of the Bankruptcy Case.  This notice warned all creditors, including Defendant, in conspicuous language, against violating the automatic stay pursuant to 11 U.S.C. §362.  The United States Postal Service did not return the notice sent to Defendant.  The notice was not returned.  If the United States Postal Service has not returned the notice, there is a presumption that Defendant received the notice mailed to it by the Clerk of the Bankruptcy Court.

11. On May 12, 2014, the Bankruptcy Court issued an order granting Plaintiff a discharge ("Discharge Order") (the said order followed Official Form B18, including the explanatory language contained therein).  The Discharge Order discharged Plaintiff from any liability for Defendant's pre-petition claim at issue.  Included with the Discharge Order was an explanation of the general injunction prohibiting Defendant and others holding pre-petition claims from attempting to collect the claims from Plaintiff.

12. The Discharge Order was mailed out to all creditors and other parties listed on the mailing matrix previously filed with this Court.  This mailing constituted formal notice of Plaintiff's discharge and the replacement of the automatic stay with the discharge

injunction of 11 U.S.C. §524(a). The Discharge Order and notice warned all creditors, including Defendant, in conspicuous language, that collection of discharged debts against Plaintiff was prohibited. The Discharge Order sent to Defendant was not returned. If the United States Postal Service has not returned the Discharge Order sent to Defendant, there is a presumption that the Defendant received the notice mailed to it by the Clerk of the Bankruptcy Court. A copy of the Discharge Order is attached hereto as Exhibit "A."

13. At no time has Defendant objected to or disputed the details of the claim in the Schedules filed in Plaintiff's Bankruptcy Case.

14. At no time during the pendency of the Bankruptcy Case did Plaintiff reaffirm the debt.

15. At no time during the pendency of the Bankruptcy Case was Defendant's pre-petition claim declared to be non-dischargeable.

16. During the pendency of the Bankruptcy Case and following the May 12, 2014 discharge, Defendant engaged in debt collection activity against Plaintiff by: (1) repeatedly calling her in an effort to collect on the Account, and (2) sending her account statements and demands for payment on the discharged debt, as if it was still collectible against Plaintiff.

17. On May 12, 2014, Defendant sent Plaintiff a letter regarding the Account, complete with return envelope and payment coupon, demanding she pay the sum of $11,584.52 or contact Defendant to negotiate a reduced settlement amount.

18. A true and correct copy of the May 12, 2014 letter is attached hereto as Exhibit "B."

19. On May 20, 2014, Defendant sent Plaintiff a second letter regarding the Account, complete with return envelope and payment coupon, demanding she pay the sum of $11,584.52 or contact Defendant to negotiate a reduced settlement amount.

20. A true and correct copy of the May 20, 2014 letter is attached hereto as Exhibit "C."

21. On June 2, 2014, Defendant sent Plaintiff a third letter regarding the Account, complete with return envelope and payment coupon, demanding she pay the sum of $11,584.52 or contact Defendant to negotiate a reduced settlement amount.

22. A true and correct copy of the June 2, 2014 letter is attached hereto as Exhibit "D."

23. On or about June 16, 2014, Defendant sent Plaintiff a fourth letter regarding the Account, complete with return envelope and payment coupon, demanding she pay the sum of $11,584.52 or contact Defendant to negotiate a reduced settlement amount.

24. A true and correct copy of the June 16, 2014 letter is attached hereto as Exhibit "E."

25. Defendant knew and in fact had actual knowledge that Plaintiff was previously the debtor in a bankruptcy case and that she had been granted a discharge and was therefore protected from any direct or indirect collection acts whatsoever by virtue of the injunction provided in 11 U.S.C. §524.  In fact, in May of 2014, Defendant reported to Experian Credit Bureau ("Experian") that the debt had been discharged.

26. A true and correct copy of applicable portions of the Plaintiff's Experian Credit Report is attached hereto as Exhibit "F."

27. Notwithstanding such knowledge about Plaintiff filing for bankruptcy protection and the subsequent discharge received in Plaintiff's Bankruptcy Case, Defendant willfully: (1) called Plaintiff regarding the Account, and (2) sent Plaintiff statements and collection letters on the Account during the pendency of the Bankruptcy Case and after the bankruptcy discharge had been granted.

28. Defendant was aware that its collection activities would and did damage Plaintiff and her ability to enjoy life and her fresh start guaranteed by the U.S. Bankruptcy Code.

29. The conduct of Defendant has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish and other damages that will be presented to the jury.

30. Defendant knew and continues to know that a discharge order means the discharged debts are no longer collectible, but Defendant has made a corporate decision to willfully and maliciously act contrary to its knowledge in its calculated decision to violate Plaintiff's right to privacy by impermissibly accessing Plaintiff's credit reports after the discharge was granted in her Bankruptcy Case and the debt on the Account discharged.

31. After a reasonable time for discovery, Plaintiff believes she will be able to show that all actions taken by employees, agents, servants, or representatives of any type for Defendant were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

32. After a reasonable time for discovery, Plaintiff believes she will be able to show that all actions taken by Defendant at issue were performed maliciously, wantonly, recklessly, intentionally or willfully, and with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the law.

33. After a reasonable time for discovery, Plaintiff believes she will be able to show that Defendant has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports, and Defendant is subject to punitive damages,

statutory damages, and all other appropriate measures to punish and deter similar future conduct by Defendant and similar companies.

34. Since Defendant's illegal attempts to collect the discharged debt on the Account may continue after the filing of this suit, Defendant is liable for any and all future illegal attempts to collect the subject debt through phone calls, written correspondence, credit reporting and/or any other manner and method Defendant may engage in to further its collection attempts until the date of trial.

## V. GROUNDS FOR RELIEF - COUNT I
## TEXAS FINANCE CODE - UNFAIR DEBT COLLECTION

35. Plaintiff repeats, re-alleges, and incorporates by reference all paragraph above as if fully rewritten here.

36. Defendant has violated the Texas Finance Code in numerous ways including, but not limited to, the following:

   a) Tex. Fin. Code § 392.301(a)(8), which prohibits Defendant from taking an action prohibited by law, since Defendant's attempts to collect the subject debt constituted a violation of the bankruptcy discharge injunction currently in place;

   b) Tex. Fin. Code § 392.304(a)(8), which prohibits Defendant from misrepresenting the character, extent, or amount of Plaintiff's debt, or misrepresenting the status of Plaintiff's debt in a judicial or governmental proceeding, by continuing to call Plaintiff and send statements to her showing a balance due and enclosing a remittance coupon, Defendant was misrepresenting that the debt was collectable when it was not by virtue of the automatic stay or the discharge injunction; and

    c) Tex. Fin. Code § 392.304(a)(19), which prohibits Defendant's use of false representations or deceptive means to collect a debt, the continued sending of statements, demands for payment, and calls by Defendant to Plaintiff were deceptive means to collect a debt, since the automatic stay was in effect or the debt had already been discharged and was uncollectible.

37. Under Tex. Fin. Code Ann. § 392.403, the said violations render Defendant liable to Plaintiff for actual damages, statutory damages, for injunctive relief, costs, and reasonable attorney's fees Plaintiff's injuries resulted from Defendant's gross negligence, malice, and/or actual fraud, which entitle Plaintiff to punitive damages.

38. Due to Defendant's conduct, Plaintiff was forced to hire counsel and her damages include reasonable attorney's fees incurred in prosecuting this claim.

## VI. GROUNDS FOR RELIEF - COUNT II
## VIOLATION OF THE BANKRUPTCY DISCHARGE INJUNCTION

39. Plaintiff repeats, re-alleges, and incorporates herein all previous paragraphs above as if set forth herein in their entirety.

40. At all times material to this proceeding, Defendant had actual knowledge of Plaintiff's' Bankruptcy Case and the discharge of the debt at issue in said case.

41. Defendant failed to cease its debt collection activity on the account and debt at issue when it became aware that Plaintiff filed for bankruptcy protection and the debt had been discharged in their Bankruptcy Case, as evidenced by Defendant sending Plaintiff collection letters and repeatedly calling her.

42. Defendant's aforesaid actions were willful acts and constitute efforts to collect discharged debt from Plaintiff in violation the discharge injunction of 11 U.S.C. §524(a). Defendant's failure to comply with the aforesaid laws, in light of repeated notices from the Bankruptcy Court about Plaintiff's Bankruptcy Case, the discharge of Plaintiff's debt at issue and the legal effect of the discharge illustrates its contempt for Federal law and the discharge injunction.

43. The actions of Defendant in repeatedly calling Plaintiff on her cell phone along with sending Plaintiff collection letters on the Account post-discharge constitute a gross violation of the discharge injunction as set forth in 11 U.S.C. § 362 and 524(a)(1)-(3).

44. The facts and background stated above demonstrate that Defendant willfully violated the orders and injunctions of the Bankruptcy Court as they concern the Bankruptcy Case filed by Plaintiff. With this prima facie showing, the duty is on Defendant to show, as the only defense, a present inability to comply with the orders and injunctions of the Bankruptcy Court that goes beyond a mere assertion of inability. Failing a showing of a present inability to comply with the orders and injunctions of the Bankruptcy Court by Defendant, Plaintiff must prevail on her claims, and Defendant must be held liable for willfully violating the orders and injunctions of the Bankruptcy Court with regard to the bankruptcy filed by Plaintiff. Any defense put forth by Defendant in this proceeding can only constitute a good faith exception, as no other reasonable explanation can be made for the conduct and actions of Defendant. Any allegation of a good faith exception should not be allowed.

45. Specifically, Defendant violated the part of the Bankruptcy Court's Discharge Order pertaining to 11 U.S.C. §524(a)(2) which "operates as an injunction against the commencement, or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtors, whether or not the discharge of such debt is waived;…"

46. No exceptions exist under 11 U.S.C. §524 or the other provisions of the United States Bankruptcy Code or other applicable law that permit the conduct of Defendant at issue with regard to the discharge injunction, as stated above.

47. The orders and injunctions of the Bankruptcy Court cannot be waived, except by the virtue of a properly filed and approved reaffirmation agreement, motion, stipulation or complaint. None of the aforementioned has been approved by the Court here, and no waiver of the orders or injunctions of the Court has occurred in Plaintiff's Bankruptcy Case as pertaining to the rights and remedies of Defendant.

48. Also, there is no requirement of mitigation on the part of Plaintiff that is relevant to violations of the orders and injunctions of the Bankruptcy Court. Any attempt to burden Plaintiff with policing the misconduct of Defendant would be a complete derogation of the law. It is well settled that each party to an injunction or order of the Court is responsible for ensuring its own compliance with the injunction or order and for shouldering the cost of compliance. Any such defense would constitute a collateral attack on the injunctions and orders of the Bankruptcy Court in this proceeding, which is prohibited. Any defense put forth by Defendant in this case can only constitute a claim of

mitigation, as no other reasonable explanation can be made for the conduct and action of Defendant.   No allegation of a mitigation as a defense should be allowed.

49. Plaintiff has been injured and damaged by Defendant's actions and are entitled to recover judgment against Defendant for actual damages and punitive damages, plus an award of costs and reasonable attorney's fees, for violations of 11 U.S.C. §524, and pursuant to the Court's powers under 11 U.S.C. § 105.

## VII. GROUNDS FOR RELIEF - COUNT 3

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA")

50. Plaintiff restates and reiterates herein all previous paragraphs.

51. In the last few months preceding the filing of this Complaint, Defendant made and/or initiated a series of telephone calls to Plaintiff's cell-phone.

52. Defendant made and/or initiated a series of at least eight (8) telephone calls to the Plaintiff's cell-phone between the date of her Discharge and the date of filing this complaint, (hereinafter referred to as the "Telephone Calls").

53. The Telephone Calls were placed by Defendant's employees or agents.

54. The Telephone Calls were initiated by an automatic dialing system.

55. The telephone system utilized by Defendant to place the Telephone Calls has the capability to dial telephone numbers without human intervention.

56. Defendant dialed the Plaintiff's cell-phone using its telephone system and without human intervention.

57. The Telephone Consumer Protection Act, 47 U.S.C. § 227 *et. seq*, (the "TCPA"), prohibits making "any call (other than a call made for emergency purposes or made with

the prior express of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a . . . cellular telephone service."  47 U.S.C. § 227 (b)(1)(A)(iii).

58. Congress delegated authority to the Federal Communications Commission (FCC) to promulgate implementing regulations. 47 U.S.C. §227 (b)(2).  In relevant part, the FCC's implementing regulations provide: "No person . . . may (I) initiate any telephone call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) To any telephone number assigned to a . . . cellular telephone service."

59. The TCPA creates a private federal cause of action.  47 U.S.C. §227(b)(3).  A plaintiff who prevails in an action for damages under the TCPA is entitled to the greater of actual damages or $500 for each violation, plus additional damages up to the greater of $1,500 or treble actual damages for each violation committed willfully or knowingly. 47 U.S.C. §227 (b)(3).

60. The actions of Defendant in this case in repeatedly calling Plaintiff's cell-phone violated the provisions of the TCPA for which Plaintiff seeks damages.  Even if the call(s) did not connect to Plaintiff personally, the attempt to make the call was still a violation.  *See Manufacturers Auto Leasing, Inc. vs. Autoflex Leasing, Inc*. 139 S.W.3rd 342, 347 (Tex. App.–Fort Worth 2004, pet denied) (citing FCC Enforcement Action Letter in Case No. EB-00TC-001).

61. The Telephone Calls were willfully placed.

62. The Telephone Calls were knowingly placed.

63. The Telephone Calls were not made for emergency purposes.

64. Plaintiff did not give her prior express consent to be called using an artificial or pre-recorded voice or by use of an automatic dialing system.

65. Defendant called Plaintiff's cell-phone over eight (8) times, during the times at issue, and left numerous voice messages instructing Plaintiff to call Defendant at a telephone number provided; these messages are hereinafter collectively referred to as the "Messages."

66. During the period beginning on May 12, 2014 and continuing through the present time, Defendant's employees and agents have knowingly or willfully violated the TCPA by: (1) placing over eight calls to Plaintiff's cell-phone; (2) using an automatic telephone dialer system; and/or (3) leaving an artificial or pre-recorded voice to deliver the Messages.

67. The Telephone Calls adversely affect the privacy rights that the TCPA was intended to protect.

68. Plaintiff has complied with all conditions precedent to bring this action.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Meredith Godoy, prays that the Court will:

A.   Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, and reasonable and necessary attorney fees as provided by the TDCA, the TCPA and for violations of the bankruptcy discharge injunction.

  C. Find that appropriate circumstances exist for an award of punitive damages to Plaintiff;

  D. Award Plaintiff pre-judgment and post-judgment interest as allowed by law; and

  E. Grant such other and further relief, in law or equity, to which Plaintiff might show herself justly entitled.

          Respectfully submitted,

          /s/ James J. Manchee
          James J. Manchee
          Jim@mancheelawfirm.com
          State Bar Number 00796988
          Marilyn S. Altamira
          State Bar Number 00796119
          Maltamira@mancheelawfirm.net
          Manchee & Manchee, PC
          12221 Merit Drive, Suite 950
          Dallas, Texas 75251
          (972) 960-2240 (telephone)
          (972) 233-0713 (fax)

          ATTORNEYS FOR PLAINTIFF

## JURY DEMAND

  Plaintiff hereby demands a trial by jury on all issues so triable.

| 8-27-14 | /s/ James J. Manchee |
|---|---|
| Date | James J. Manchee |